UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TACEY GOSS P.S., <br><br> Plaintiff, <br><br> v. <br><br> DONNA BARNHART, et al., <br><br> Defendants. | CASE NO. C12-401RSM <br><br> ORDER STAYING PROCEEDINGS |

Currently pending before this Court are plaintiff's motion to remand (Dkt. # 15), defendants' motion to dismiss or, in the alternative, to transfer to the United States District Court for the Northern District of California (Dkt. # 4), the Court's Order to Show Cause (Dkt. # 29) and defendants' motion for a stay of proceedings (Dkt. # 31). All matters have been fully briefed. For the reasons which shall be set forth below, the Court has determined that defendants' motion to stay proceedings should be granted in part, and the remaining motions stricken from the Court calendar, subject to re-noting at a later time.

## BACKGROUND

Plaintiff Tacey Goss P.S. ("T/G") is a Washington law firm, licensed to practice law in this state.

ORDER - 1

The twenty-nine defendants are individuals and corporate entities which jointly engaged T/G to represent them in arbitration proceedings in the State of California involving claims of franchise fraud. T/G represented defendants pursuant to several written agreements, one of which provides for the exclusive jurisdiction of King County Superior Court in the event of disputes arising from the joint participation agreement.[1] On January 20, 2012, T/G filed suit in King County Superior Court to recover unpaid legal fees from defendants, in the amount of $355,544.04. Complaint, Dkt. # 1-1. The same day, twenty-four of these defendants filed suit in a State of California superior court, asking for a declaratory judgment with respect to the enforceability of the agreements. The California plaintiffs asserted that T/G was not authorized to practice law in the California arbitration proceedings, that the firm's performance in those proceedings was seriously deficient, and that the fees charged are unconscionable. Both cases were removed to the respective federal courts. Following removal, the plaintiffs in the California action (defendants here) amended their complaint to add the five additional parties, so it appears the two cases are now perfectly parallel. *See*, *Bauer, et al., v. Tacey Goss et al.*, C12-876JSW, United States District Court for the Northern District of California ("*Bauer*"), Dkt. # 16 (Amended Complaint for Declaratory Judgment, Restitution and Compensatory and Exemplary Damages).

The California action was removed to federal court by T/G on February 22, 2012. *Bauer,* Dkt. # 1. Defendants here removed the Washington action to this Court on March 8, 2012, and on the same day they moved to dismiss or, in the alternative, to transfer this action to the Northern District of California. Dkt. ## 1, 4. T/G, for its part, moved to remand this case back to King County Superior Court, based on the forum selection clause referenced above. Dkt. # 15. T/G then moved in the California action to dismiss the twenty-nine plaintiffs' amended complaint for improper venue, also on the basis of the forum selection clause. The California plaintiffs argued in response that the forum

---

[1] The "Joint Plaintiff Agreement on Terms of Participation" states, in relevant part,

Exclusive Jurisdiction and Choice of Law: Each party/plaintiff hereto understands and agrees that any and all disputes arising from or related to this agreement shall be subject to the exclusive jurisdiction of King County Superior Court applying the law of the state of Washington.

Declaration of Chip Goss, Dkt. # 16, Exhibit C, ¶ 7.

ORDER - 2

1 selection clause was invalid or void as against public policy, and also that not all were bound by that
2 clause.

3       On July 10, 2012, the Honorable Jeffrey S. White, United States District Judge, in a thorough
4 and well-reasoned decision, found the forum selection clause enforceable against the plaintiffs in the
5 California action, and granted the T/G motion to dismiss, without prejudice to the plaintiffs there
6 refiling their claims against T/G in King County Superior Court. *Bauer*, Dkt. # 33. Plaintiff advised
7 this Court of that dismissal the same day, and argued that the doctrine of collateral estoppel precludes
8 defendants from opposing T/G's motion for remand. Memorandum of Supplemental Authority, Dkt. #
9 28. This Court then ordered defendants to show cause why the preclusive effect of the California
10 court's ruling should not lead to remand. Order to Show Cause, Dkt. # 29, citing *Offshore Sportswear,*
11 *Inc., v. Vuarnet International, B.V.*, 114 F. 3d 848 (9th Cir. 1997). Judgment was entered in the
12 California case on August 22, 2012, *nunc pro tunc* to July 10, 2012.

13       Defendants' response to the Order to Show Cause includes a motion to stay these proceedings
14 pending their appeal of the dismissal of their case in California. Dkt. # 31. Defendants argue that if this
15 matter is remanded to King County Superior Court, that remand will not be subject to review. Should
16 the California court's decision on the forum selection clause be reversed on appeal, "a manifest injustice
17 will have been worked on clients of attorneys, an injustice that may not be remediable." Defendants'
18 Response and Cross-Motion to Stay, Dkt. # 31, p. 7. Defendants suggest that the best course to
19 minimize the possible prejudice is to stay this case and maintain the status quo until the appeal is
20 resolved.

21       Defendants requested with their appeal a stay of the California court's Order. On October 17,
22 2012, the Ninth Circuit Court of Appeals denied that request, without prejudice to renewal following its
23 presentation to the district court. Declaration of Robert Guite, Dkt. # 38, Exhibit A. The appellate court
24 also denied the appellants' request to expedite the appeal, and set a briefing schedule. *Id.* Following
25 receipt of that order, defendants filed a motion to stay the Order of Dismissal in the California district
26 court. *Bauer*, Dkt. # 43. A briefing schedule has been set and the matter will be ready for consideration
27 by the district court on December 7, 2012. *Bauer*, Dkt. # 47.

28 ORDER - 3

1    In light of the motion pending before the California court, the Court finds that it is in the interest of justice, and of judicial economy, to await that court's decision before addressing T/G's motion to remand. Accordingly, the motion to stay is GRANTED IN PART. This case shall be STAYED until the California district court has issued a ruling on the motion to stay the Order of Dismissal. Once this Court has been advised of a ruling in California, it will determine whether the stay should be lifted or continued. The pending motions for dismissal or transfer and for remand (Dkt. ## 4 and 15) shall be STRICKEN from the Court's calendar, subject to re-noting by the parties once the stay has been lifted.

Dated this 9th day of November 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4