UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TACEY GOSS P.S., | |
| Plaintiff, | CASE NO. C12-401RSM |
| v. | ORDER OF REMAND |
| DONNA BARNHART, et al., | |
| Defendants. | |

This matter is before the Court for consideration of plaintiff's motion to remand (Dkt. # 15), and defendants' motion to dismiss or, in the alternative, to transfer to the United States District Court for the Northern District of California. For the reasons set forth below, the motion to remand shall be granted, the motion to transfer shall be denied, and the motion to dismiss shall be denied without prejudice to renewal in the state court.

BACKGROUND

Plaintiff Tacey Goss P.S. ("T/G") is a Washington law firm, licensed to practice law in this state. The twenty-nine defendants are individuals and corporate entities which jointly engaged T/G to represent them in arbitration proceedings in the State of California involving claims of franchise fraud.

ORDER - 1

T/G represented defendants pursuant to several written agreements, one of which provides for the exclusive jurisdiction of King County Superior Court in the event of disputes arising from the joint participation agreement.[1] On January 20, 2012, T/G filed suit in King County Superior Court to recover unpaid legal fees from defendants, in the amount of $355,544.04. Complaint, Dkt. # 1-1. The same day, twenty-four of these defendants filed suit in a State of California superior court, asking for a declaratory judgment with respect to the enforceability of the agreements. The California plaintiffs asserted that T/G was not authorized to practice law in the California arbitration proceedings, that the firm's performance in those proceedings was seriously deficient, and that the fees charged were unconscionable. Both cases were removed to the respective federal courts. Following removal, the plaintiffs in the California action (defendants here) amended their complaint to add the five additional parties, so it appears the two cases are now perfectly parallel. *See*, *Bauer, et al., v. Tacey Goss et al.*, C12-876JSW, United States District Court for the Northern District of California ("*Bauer*"), Dkt. # 16 (Amended Complaint for Declaratory Judgment, Restitution and Compensatory and Exemplary Damages).

On March 8, 2012, the same day they removed the case to this Court, defendants moved to dismiss or, in the alternative, to transfer this action to the Northern District of California for consolidation with the case there. Dkt. ## 1, 4. T/G, for its part, moved to remand this case back to King County Superior Court, based on the forum selection clause referenced above. Dkt. # 15. T/G then moved in the California action to dismiss the twenty-nine plaintiffs' amended complaint for improper venue, also on the basis of the forum selection clause. This Court deferred ruling on the motion to dismiss or transfer and the motion to remand in deference to the California district court's determination of the venue issue, which is also presented in the motions pending here. That is, it would

---

[1]The "Joint Plaintiff Agreement on Terms of Participation" states, in relevant part,

<u>Exclusive Jurisdiction and Choice of Law</u>: Each party/plaintiff hereto understands and agrees that any and all disputes arising from or related to this agreement shall be subject to the exclusive jurisdiction of King County Superior Court applying the law of the state of Washington.

Declaration of Chip Goss, Dkt. # 16, Exhibit C, ¶ 7.

ORDER - 2

only be in the interest of justice to transfer the case pursuant to 28 U.S.C. § 1404(a) if the district court in California agreed that venue is proper there.

On July 10, 2012, the Honorable Jeffrey S. White, United States District Judge, in a thorough and well-reasoned decision, found the forum selection clause enforceable against the plaintiffs in the California action, and granted the T/G motion to dismiss, without prejudice to the plaintiffs there refiling their claims against T/G in King County Superior Court. *Bauer*, Dkt. # 33. Under the rules of collateral estoppel (or issue preclusion), that ruling on the forum selection clause has preclusive effect on the case here. *See*, *e.g., Offshore Sportswear, Inc., v. Vuarnet International, B.V*., 114 F. 3d 848 (9th Cir. 1997). Defendants were accordingly ordered to show cause why the Court should not summarily remand the case to King County Superior Court. Dkt. # 29.

In response to the Order to Show Cause, defendants requested a stay of proceedings here while they appealed the dismissal of their California case to the Ninth Circuit Court of Appeals. Dkt. # 31. They contemporaneously moved in the Ninth Circuit for an expedited ruling and for a stay of the district court's dismissal of their case. Defendants argued to this Court that if this matter were remanded to King County Superior Court, that remand would not be subject to review. Should the California court's decision on the forum selection clause be reversed on appeal, "a manifest injustice will have been worked on clients of attorneys, an injustice that may not be remediable." Defendants' Response and Cross-Motion to Stay, Dkt. # 31, p. 7. Defendants suggested that the best course to minimize the possible prejudice is to stay this case and maintain the status quo until the appeal is resolved.

On October 17, 2012, the Ninth Circuit Court of Appeals denied defendants' request for a stay of the California court's Order, without prejudice to renewal following its presentation to the district court. Declaration of Robert Guite, Dkt. # 38, Exhibit A. The appellate court also denied the appellants' request to expedite the appeal, and set a briefing schedule. *Id.* Following receipt of that order, defendants filed a motion to stay the Order of Dismissal in the California district court. *Bauer*, Dkt. # 43.

On November 9, 2012, this Court granted (in part) defendants' motion to stay this case, staying it only until the California district court issued a ruling on the motion to stay the Order of Dismissal. Dkt.

ORDER - 3

# 39.  On January 15, 2013, Judge White denied the motion.  *See, Bauer et al. v. Tacey Goss, P.S., et al.*, Cause No. C12-00876-JSW, Dkt. # 53 (N.D.Cal.).  This Court lifted the stay and re-noted the pending motions for immediate consideration, as they have been fully briefed.  The sole issue remaining for consideration is whether this Court shall apply the rule of issue preclusion to find the forum selection clause enforceable.[2]

## ANALYSIS

Collateral estoppel, also referred to as "issue preclusion," bars the relitigation of an issue that has been previously decided in a proceeding between the same parties. State rules on issue preclusion govern when applying state decisions. *Haphey v. Linn County*, 953 F.2d 549, 550 (9th Cir. 1992) (en banc).  Federal rules govern when applying federal decisions. *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996), *cert. denied*, 520 U.S. 1117 (1997).  The Washington and federal rules differ in several respects, but parallel one another. The following elements must be satisfied to apply collateral estoppel under Washington law: (1) the issue presented must be identical; (2) there must be a final judgment on the merits; (3) the party against whom collateral estoppel is asserted must have been a party to the former adjudication, or in privity with a party; and (4) no injustice will result by applying collateral estoppel. *Garcia v. Wilson*, 63 Wash.App. 516, 518 (1991).

Under the federal standard, to foreclose re-litigation of an issue under collateral estoppel, three elements must be met: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *Town of North Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir.1993), *quoting Clark v.*

---

[2] The Court notes that after the Order Lifting Stay was filed, defendants filed a document captioned "Notice: Defendants' Submission re: Venue Order in Related Case and Denial of Requested Stay of Same Pending Appeal—And—Motion to Continue Stay of Proceedings on Motion for Remand in this Case." Dkt. # 41.  The "motion" is not properly noted on the Court's calendar, is untimely, and is improper as it constitutes a late motion for reconsideration of the Court's Order on defendants' previous motion for a stay. Dkt. # 39.  Despite defendants' request in their earlier motion to stay this case until the conclusion of their appeal of the California decision, this Court entered only a limited stay, until the district court ruled on the motion to stay pending appeal. The Court will not reconsider that ruling and now DENIES defendants' unnoted motion for a continuation of the stay.

ORDER - 4

*Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir.1992).

The distinguishing features between these two tests do not yield differing results here.  Under either test, the application of collateral estoppel is appropriate.  The issue of the enforceability of the forum selection clause in the contract between these parties was actually litigated and  decided by the California court.  That determination was a necessary part of the district court's judgment of dismissal.  No injustice will result from the application of collateral estoppel.   Therefore the California court's order "dismissing an action to enforce a forum selection clause is preclusive on this issue of the applicability, and the enforceability, of the clause when the issues and the parties remain the same." *Offshore Sportswear, Inc., v. Vuarnet Internationa, B.V.*, 114 F.3d 848, 849 (9th Cir. 1997).  Defendants may not now re-litigate the issue.

The forum selection clause in the Joint participation Agreement provides for the exclusive jurisdiction of King County Superior Court in this matter.  That forum selection clause has been ruled enforceable, resulting in the dismissal of the defendants' action in California.  Defendants' motion to transfer this case (Dkt # 4) is accordingly DENIED as moot.   This Court shall enforce the forum selection clause and now GRANTS plaintiff's motion for remand (Dkt. # 15).  Defendants' motion to dismiss (Dkt. # 4) shall be DENIED without prejudice to renewal in the sate court proceedings.

Accordingly, this case is hereby REMANDED to the King County Superior Court, Cause No. 12-2-02638-6 SEA.   The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

Dated this 22 day of January 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 5

ORDER - 6